IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FOREMOST INSURANCE COMPANY,

    Plaintiff,

v.                                              Civ. No. 20-1322 SCY/JFR

EUGENE MONTOYA and
DEBRA MONTOYA,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS OR STAY[1]

This case stems from an automobile and bicyclist collision. Defendant Eugene Montoya was lawfully riding a bicycle on the northbound shoulder of US Highway 550 when an automobile crossed the right shoulder's fog line. The driver, who was uninsured or underinsured at the time, severely injured Mr. Montoya. Eugene and Debra Montoya had an active motorcycle insurance policy through Plaintiff Foremost Insurance Company, but the parties dispute whether the Montoyas validly rejected uninsured motorist ("UM") coverage with Foremost. This federal declaratory judgment action is brought by Foremost to resolve whether there is coverage under the insurance policy for the Montoyas' claims. However, there is a parallel state-court action pending between the same parties presenting the same coverage issue, among other issues. Because this lawsuit precisely duplicates an issue of state law that the state court will address in the parallel lawsuit, the Court exercises its discretion not to rule on the request for a declaratory judgment and stays this case pending the outcome of the state-court suit.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 3, 9, 11.

**BACKGROUND**

Eugene Montoya was riding a bicycle on the northbound shoulder of US Highway 550 on July 18, 2020 when an automobile drove over the right shoulder's fog line. Doc. 5 at 2. The automobile driver, Eric Madrid, severely injured Mr. Montoya and was uninsured or underinsured at the time. *Id.*; Doc. 1 ("Compl.") ¶ 5.[2] The Montoyas had an active motorcycle insurance policy through Foremost Insurance Company, but the parties dispute whether the Montoyas validly rejected uninsured motorist ("UM") coverage with Foremost. Doc. 5 at 3; Doc. 14 at 2.

On September 15, 2020, the Montoyas sent correspondence to Foremost setting forth their position that the documents provided did not support a valid rejection of UM coverage. The letter asked Foremost to reform the Policy to provide $300,000 in stacked UM coverage. Doc. 5-2. On October 1, Foremost denied the Montoyas' request to reform the policy. Doc. 5-3. On October 29, the Montoyas asked Foremost to clarify its basis for its denial and made a second request to reform the policy. Doc. 5-4. The Montoyas indicated the letter was to "allow Foremost the opportunity to rectify their failure . . . without litigation." Doc. 5-4 at 1. The Montoyas committed to providing additional information related to the tortfeasor's insurance coverage and offer of settlement, and stated that Foremost's response was due within 7 days of that information. *Id.* at 2.

On November 10, the Montoyas' counsel emailed the promised information to Foremost's claims adjustor, and "agree[d] to extend the time period in which to respond to our offer to settle at limits to the close of business on November 24, 2020." Doc. 5-5. According to

---

[2] Because this matter is before the Court on a motion to dismiss, the Court accepts the relevant facts Foremost sets forth in its complaint as true.

2

the Montoyas, Foremost did not respond by November 24. Doc. 5 at 8. Instead, Foremost asked for two separate extensions to respond, to which the Montoyas agreed. *Id.* On December 17, Foremost denied the Montoyas' request to reform the Foremost Policy. Doc. 5-6. The next day, December 18, Foremost filed this federal declaratory action. Doc. 1.

The Montoyas filed their own lawsuit in state court on January 4, 2021. Doc. 5-1. The complaint brings claims against Foremost, as well as Riley N. Sisneros, the insurance sales agent, and Eric Madrid, the automobile driver. Both Mr. Sisneros and Mr. Madrid are residents of New Mexico, Doc. 5-1 at 3-4, so the case is not removable to federal court under diversity jurisdiction. In addition to the issue of coverage, the state-court suit brings a direct claim of negligence against Mr. Madrid and extra-contractual claims against Foremost for alleged failure to provide a reasonable explanation of the basis of the denial of coverage, misrepresentations made by Agent Sisneros regarding UM coverage, and failure to offer a reasonable amount to settle the claim. Doc. 5-1 at 9, 13-15, 17-20.

In lieu of filing an answer to the complaint in this court, the Montoyas filed the present Motion to Dismiss or Stay on January 20, 2021. Doc. 5. The Montoyas argue that the Court should exercise its discretion to decline to issue a declaratory judgment in favor of the parallel state-court proceedings. Discovery in the federal case has been delayed pending the outcome of this motion. Doc. 7. Foremost filed its response in opposition to the motion on February 8, Doc. 14, and the Montoyas filed a reply on February 10, Doc. 15.

## **DISCUSSION**

Under 28 U.S.C. § 2201, the Court has discretion over whether to hear a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (the statute "vest[s] district courts with discretion in the first instance, because facts bearing on the usefulness of the

declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp"); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) ("The Supreme Court as long made clear that the Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.").

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). The district court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989).

    A.    The *Mhoon* factors support declining jurisdiction.

In *State Farm Fire & Casualty Co. v. Mhoon*, the Tenth Circuit set forth a number of factors to consider when making this determination:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d at 983 (alterations in original; block quotation omitted). The touchstone of the inquiry is "whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding." *Wilton*, 515 U.S. at 283.

The Count finds that the balance of these factors weighs in favor of the Montoyas in this case and that the state court will provide a satisfactory adjudication of this controversy.

1.     <u>Whether a declaratory judgment would settle the controversy</u>

In the state-court case, the Montoyas bring a claim for UM insurance benefits against Foremost, which is the same dispute that Foremost seeks to resolve in the federal declaratory judgment action. Foremost therefore argues in favor of federal jurisdiction because "[a]s it pertains to the coverage issues, the federal court declaratory judgment and state court lawsuit are identical" and "[o]nce that legal issue is determined, the parties would likely be in a position to negotiate a settlement of the overall UM claims of the insureds." Doc. 14 at 4. It is true that the state-court UM claim would be settled by a ruling in the federal declaratory judgment case. Similarly, the federal declaratory judgment action may settle some of the extra-contractual claims the Montoyas bring in the state-court case. For example, the Montoyas allege that Foremost acted in bad faith and violated the New Mexico Insurance Code by failing to offer to pay a reasonable sum to settle the UM claim and by compelling the Montoyas to institute litigation to recover amounts due under the policy. Doc. 5-1 at 13-15, 17-20. If this Court rules that the Montoyas' UM rejection forms are valid, it likely follows that Foremost did not act in bad faith when it refused to settle the UM claim on the basis that the rejection forms are valid. If the Court were to find the rejection forms to be invalid, however, the Montoya's bad faith claim would continue to be litigated separately in state court. Therefore, a ruling in this declaratory judgment action would not necessarily resolve the bad faith failure-to-settle claim.

Moreover, in the state-court case, the Montoyas also allege that Foremost violated the New Mexico Insurance Code by making misrepresentations when it issued the policy and by failing to promptly provide its insured with a reasonable explanation of the basis for its denial of their claim. Doc. 5-1 at 13-15, 17-20. These extra-contractual claims will continue to be litigated in state-court regardless of how this federal Court rules on the issue of whether the Montoyas are entitled to UM coverage. *See Haygood v. United Servs. Auto. Ass'n*, 2019-NMCA-074, ¶ 20, 453

P.3d 1235 ("[B]ad faith claims may be based on conduct other than a refusal to pay.").

In addition, the state-court case is not limited to the parties in the federal case. In the state-court case, the Montoyas have sued the individual tortfeasor, Mr. Madrid. Resolution of the federal case will not resolve the Montoyas lawsuit against Mr. Madrid. Thus, resolution of the federal court case would leave a great deal to be litigated in the state-court action among all parties in that action.

Ruling on a declaratory judgment that relates to only part of the dispute between the parties would be inefficient. *See Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1226 (D.N.M. 2015) (issuing a declaratory judgment on coverage would not settle the issues where "the parties must also resolve the [insureds]' unfair practices claims"). The state-court action "is more comprehensive than its present counterpart, and lends itself to a more efficient resolution of all claims and issues arising from a common core of relevant facts." *State Farm Ins. Co. v. Jimenez*, No. 11-cv-1122 BRB/SMV, 2012 WL 13013133, at *2 (D.N.M. Mar. 6, 2012). Accordingly, factor one weighs in favor of this Court declining jurisdiction over the declaratory judgment action.

2. <u>Whether a declaratory action would serve a useful purpose</u>

It is undisputed that the state-court case involves all the issues and all the parties that are before this Court. Issuing a declaratory judgment on the same issues pending before another court is not a useful purpose under the Act. *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) ("Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract.").

3. <u>Procedural fencing</u>

The third factor inquires whether the declaratory judgment action is being used for the

purpose of procedural fencing, *i.e.*, to provide an "arena for a race to *res judicata*." *Mhoon*, 31 F.3d at 983. The Montoyas argue that this factor weighs in their favor because Foremost delayed responding to their claim while secretly preparing a federal declaratory judgment action in a race to select their preferred forum. Doc. 5 at 7-9. On the other hand, Foremost argues that the Montoyas are procedurally fencing by refusing to respond to the federal action and instead initiating a more comprehensive lawsuit in state court that duplicates the issue in the federal action. Doc. 14 at 5. The Court tends to agree that both parties have engaged in procedural fencing.

It is undeniable that Foremost filed its lawsuit first. Yet the Court agrees with Judge Browning's analysis that "[r]etaining jurisdiction over cases merely because the insurance company filed first encourages insurance companies to engage in unfair practices, like delaying claim resolution to gain an advantage in litigation." *Nationwide Mutual Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1228 (D.N.M. 2015). In *Nationwide Mutual*, Judge Browning declined to issue a declaratory judgment because the insurance company avoided informing the insureds that their claim was denied until *after* it filed a federal action. *Id.* at 1227-28. Here, Foremost engaged in somewhat comparable conduct by asking for extensions of time purportedly to respond to the Montoyas' correspondence, and filing a federal lawsuit the day after it notified the Montoyas that it would not reform the policy.[3]

Judge Browning contrasted the situation in *Nationwide* with his prior decision accepting

---

[3] Foremost stresses that it "does not violate any legal standard in exercising a legitimate use of the legal system for the purpose stated." Doc. 14 at 5. The Court does not conclude or imply that "procedural fencing" is the equivalent of illegal or unethical behavior. *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) ("such timing of lawsuits may not necessarily be bad faith on the part of the insurance company; however, St. Paul is unable to show error in the district court's perception that St. Paul was using the declaratory judgment for procedural fencing").

jurisdiction over a declaratory judgment action in *American National Property and Casualty Co. v. Wood* ("*ANPAC I*"), No. 07-1048 JB/RHS, 2008 WL 2229742 (D.N.M. Mar. 21, 2008).[4] The court retained jurisdiction in *ANPAC I* because: (1) the federal declaratory action was filed first, by over three months; (2) the issues presented in the federal action would "fully settle the controversy"; and (3) "the insurance company did nothing to delay the claimant from filing a state-court action." *Nationwide Mutual*, 148 F. Supp. 3d at 1227. Following *ANPAC I* and *Nationwide Mutual*, the Court does not retain jurisdiction in this case even though the federal action was filed first. Here, the insureds did not deliberately delay filing suit by several months. They reasonably expected to receive a response to their correspondence before the parties would have to decide whether to resort to the courts. Indeed, the Montoyas filed suit in state court within two weeks of being informed that the UM policy would not be reformed.

More importantly, even though the federal action was filed first, it would *not* fully settle the controversy over the automobile-bicycle accident. It would make little sense for the Montoyas to file a state-court suit that includes the tortfeasor and extra-contractual claims, but somehow excludes the underlying, crucial issue of UM coverage just because the issue was already presented in a federal suit. Just as Foremost stresses, and the Court agrees, that it has the right to choose a federal forum, the Court also agrees with the Montoyas that they have the right to file a comprehensive lawsuit that covers all the factual and legal issues related to the accident. Foremost argues that the extra-contractual claims are "baseless and premature" and that they "have been made part of the state court suit solely for purposes of frustrating this federal

---

[4] This decision was later reversed on reconsideration. After the state court denied a motion to dismiss or stay its own proceedings pending the federal lawsuit, Judge Browning decided to decline jurisdiction. *Am. Nat'l Prop. & Cas. Co. v. Wood* ("*ANPAC II*"), No. 07-1048 JB/RHS, 2009 WL 1299797 (D.N.M. Jan. 29, 2009).

declaratory action." Doc. 14 at 6. The Court declines the invitation to prejudge claims that have not been briefed and are not presented by any operative pleading in this action.

The Court notes that, in any event, "procedural fencing" is not the most helpful factor in the *Mhoon* analysis. The federal court has declined jurisdiction over declaratory judgment actions even where it found that the insureds were the ones engaging in procedural fencing, *State Farm Mut. Auto. Ins. Co. v. Est. of Gerecke*, No. 18-1229 SCY/KK, 2020 WL 2395959 (D.N.M. May 12, 2020), or where the factor was simply neutral, *USAA Cas. Ins. Co. v. Perlinski*, No. 20-615 KK/SCY, 2021 WL 930614 (D.N.M. Mar. 11, 2021). Ultimately, the Court issues its decision on the basis of the other *Mhoon* factors.

    4.    <u>Friction between federal and state courts</u>

There are no federal issues or interests in the case before this Court. This case is governed by New Mexico substantive law. The parties dispute whether the Montoyas are entitled to UM benefits under New Mexico law, and specifically whether the UM rejected forms were valid under *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, 245 P.3d 1214. The Court finds that, under these circumstances, proceeding in this declaratory judgment suit would likely lead to friction between federal and state courts. *See Brillhart*, 316 U.S. at 495 ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, *not governed by federal law*, between the same parties." (emphasis added)).

    5.    <u>Alternative remedy that is better or more effective</u>

The application of the factors above indicates that the existing state-court case is both a better and more effective remedy than this declaratory judgment action. The Court understands Foremost's desire to remain in federal court given that it chose this forum to litigate the coverage issue as the plaintiff. On balance, however, the factors weigh in favor of staying the federal case.

9

The state court is in a better position to address the entire controversy between all the relevant parties and resolve this state-law issue.

Foremost argues that the Tenth Circuit's decision in *State Farm Fire & Casualty Co. v. Mhoon* supports the exercise of declaratory judgment power in this case. Doc. 14 at 3. Foremost observes that *Mhoon* itself found no abuse of discretion where the trial court entertained a declaratory judgment action despite ongoing parallel state proceedings. *Id.* "[T]he determination in *Mhoon* over the insurer's duty to defend was evaluated solely on the substantive law of insurance coverage in New Mexico." *Id.* "There was no federal question to be determined nor did the federal district court apply any substantive law of the United States in making its determination as to the insurer's coverage responsibilities." *Id*. Although these statements about *Mhoon* are correct, Foremost's argument fails to recognize the main holding of *Mhoon*: federal district courts have *discretion* to issue a declaratory judgment under such circumstances. *Mhoon* does not hold that federal district courts *should* or *must* exercise such discretion. 31 F.3d at 983 ("[T]his circuit has repeatedly over the years held that on appeal it will not engage in a de novo review of all the various fact-intensive and highly discretionary factors involved. Instead, it will only ask whether the trial court's assessment of them was so unsatisfactory as to amount to an abuse of discretion.").

In addition, the procedural history of *Mhoon* differed from the present case in one crucial respect: there, the underlying state court case did not include the insurance companies as parties or implicate the issue of insurance coverage. It involved only the insured and the tortfeasor. *Id.* at 984. In fact, much of the language in *Mhoon* indicates that the decision might have come out differently had these crucial facts been otherwise: "Neither party before us has suggested that State Farm was, or could have been made, a party to the state tort action, thus obviating any need

10

for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations toward Mhoon." *Id.* In *Mhoon*, adjudicating the federal case "involved no matter, factual or legal, at issue in the state case," and the coverage issue was not "a complicated one." *Id.* "This is not a case, therefore, where the district court found a material factual dispute and proceeded to resolve it in the face of ongoing state proceedings on the same subject." *Id.* "*That would present quite a different issue . . . .*" *Id.* (emphasis added). The Court concludes that *Mhoon* undermines, rather than supports, Foremost's position in this case.

In an attempt to show that the relief they request is regular and proper, Foremost also cites a lengthy list of cases where "rights and obligations of insurers and insureds" were determined in federal court applying state law. Doc. 14 at 4.[5] But not one of these cases involved "ongoing state proceedings on the same subject," *cf.* 31 F.3d at 984, and so they did not consider the issue this case presents.

      B.      <u>Priority jurisdiction and the "first-to-file" rule do not apply.</u>

Foremost argues that under the doctrine of "priority jurisdiction" or the "first to file" rule, the federal lawsuit should proceed ahead of the state lawsuit. The former governs duplicate lawsuits filed in state courts; the latter governs duplicate lawsuits filed in federal courts. The Court concludes that neither applies to duplicate lawsuits in state court and in federal court.

"The doctrine of priority jurisdiction is not well developed in New Mexico." *ANPAC I*, 2008 WL 2229742, at *9. In *Valdez v. Ballenger*, the New Mexico Supreme Court explained:

> Generally, a second suit based on the same cause of action as a suit already on file will be abated where the first suit is entered in a court of competent jurisdiction in the same state between the same parties and involving the same subject matter or

---

[5] Foremost cites *State Farm Mut. Auto. Ins. Co. v. Blystra*, 86 F.3d 1007 (10th Cir. 1996); *Gov't Emps. Ins. Co. v. Archuleta*, Civ. No. 11-46 WJ/RHS, 2012 WL 12949980 (D.N.M. Feb. 10, 2012); and *Hartford Ins. Co. v. Estate of Tollardo*, 409 F. Supp. 2d 1301 (D.N.M. 2005).

11

cause of action, if the rights of the parties can be adjudged in the first action. 1978-NMSC-055, ¶ 2, 581 P.2d 1280, 1281 (block quotation omitted). "[O]nly a handful of New Mexico cases even discuss the doctrine in more than passing fashion. Moreover, the Court is not aware of any case dismissed or stayed by a federal court in this district or by the Tenth Circuit pursuant to the doctrine of priority jurisdiction." *Jesmer v. W. Coast Res., LLC*, No. 08-631 JCH/WDS, 2008 WL 11450474, at *2 (D.N.M. Nov. 13, 2008) (citations omitted).

Importantly, the rule "appears to involve only cases filed in more than one state court." *Burlington Ins. Co. v. Las Cruces Gospel Rescue Mission, Inc.*, No. 11-544 WJ/WPL, 2011 WL 13284626, at *4 (D.N.M. Oct. 12, 2011). "In *Valdez*, for example, similar cases were filed in different counties in the same state. Instead, the issue here involves potential friction between the state and federal levels. In other words, the first-filed concept does not seem to be a critical factor under the *Brillhart*/*Mhoon* analysis." *Id*. Like the other courts in this District to consider the question, the Court declines to apply the state-law doctrine of priority jurisdiction to determine whether to exercise federal jurisdiction over a state-law controversy. *See id.*; *see also Essentia Ins. Co. v. Sanchez*, No. 13-1223 MCA/KBM, 2014 WL 11512632, at *7 (D.N.M. Sept. 30, 2014) ("the parties have not cited a New Mexico case, and the Court has not found one, in which the state court has abated a state case so that a question of state law could be decided in a federal forum"); *Am. Nat'l Prop. & Cas. Co. v. Wood* ("*ANPAC II*"), No. 07-1048 JB/RHS, 2009 WL 1299797, at *5 (D.N.M. Jan. 29, 2009) (observing that the state court had rejected the priority jurisdiction argument because "it was the state court's obligation to address the state-law issue"); *United Fin. Cas. Co. v. Schmidt*, No. 12-0867 RB/LAM, 2013 WL 12246640, at *5 (D.N.M. May 1, 2013) ("[T]he doctrine of priority jurisdiction only applies if the courts possess concurrent jurisdiction over two actions that were separately filed . . . . [I]t is far from clear that the federal and state courts share concurrent jurisdiction over the two lawsuits. The first-filed

action is based on the Declaratory Judgment Act, which authorizes federal court jurisdiction, not state court jurisdiction.").

Foremost also invokes the federal-court equivalent of this doctrine, that is, the "first to file" or "first filed" rule. Doc. 14 at 8. The rule states that "when two district courts have jurisdiction over the same controversy," the courts will "afford[] deference to the first filed lawsuit." *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) ("when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). "Federal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs." *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999).

This rule, just like its state counterpart applies to cases in state courts, only governs as between lawsuits filed in federal courts. The state court "is not a court of coordinate jurisdiction and equal rank" as a federal court. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1062 (D. Kan. 2006). It is therefore inapplicable to the present question, which asks whether a federal court or a state court should take jurisdiction. Foremost claims that "Judge Johnson acknowledged recognition of the first filed rule in the context of parallel state and federal proceedings involving the same parties to an insurance coverage dispute" in *Biotronik, Inc. v. Lamorak Ins. Co.*, No. 15-252 WJ/WPL, 2015 WL 3522362, at *8 (D.N.M. June 3, 2015). *See* Doc. 14 at 8. This is incorrect. *Biotronik* involved litigation in federal court in Oregon, and litigation that was originally in New Mexico state court but removed to federal court prior to Judge Johnson's decision on venue. 2015 WL 3522362, at *1. Therefore, at the time of Judge Johnson's ruling, two federal court actions and no state court action was pending. *Id.* The

13

question was which of the federal courts would decide the controversy, not whether a state court or a federal court should resolve the controversy. *Id.*

The Court concludes that the rule governing the present motion—whether to exercise jurisdiction over a federal declaratory judgment action in the face of parallel state-court proceedings—is governed by *Mhoon*, not the New Mexico doctrine of priority jurisdiction or the federal courts' first-to-file rule. And under *Mhoon*, the federal court exercises its discretion not to take jurisdiction over this action.

## CONCLUSION

Weighing the *Mhoon* factors, the Court concludes that it will not exercise its discretion to issue a declaratory judgment under the present circumstances. Accordingly, Defendants' Motion To Dismiss, Or In The Alternative Stay, Plaintiff's Complaint For Declaratory Judgment (Doc. 5) is GRANTED.

The motion is phrased as a motion to dismiss, or in the alternative, to stay. The parties do not brief the question of whether the case should be dismissed or stayed. However, the Tenth Circuit has instructed that "the better practice is to stay the federal proceeding pending the outcome of the state proceeding." *Fox v. Maulding*, 16 F.3d 1079, 1083 (10th Cir. 1994). Therefore, this matter is STAYED pending resolution of the Montoyas' insurance claim against Foremost in the state-court case. Foremost shall file a notice with this Court when the insurance claim is resolved in the state-court case.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent