IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN, a foreign
Corporation,

    Plaintiff,

v.                                                                  CIV 20-1322 SCY/JFR

EUGENE AND DEBRA MONTOYA,
husband and wife,

    Defendants.

## NOTICE OF INTENDED DISMISSAL

**THIS MATTER** comes before the Court *sua sponte*. This case stems from an automobile and bicyclist collision involving Defendant Eugene Montoya and an uninsured and/or underinsured motor vehicle. Compl. ¶ 5 (Doc. 1). According to a complaint the Montoyas filed in state court, Defendant Eugene Montoya was lawfully riding a bicycle on the northbound shoulder of US Highway 550 when an automobile crossed the right shoulder's fog line. The driver severely injured Mr. Montoya. Eugene and Debra Montoya had an active motorcycle insurance policy through Plaintiff Foremost Insurance Company, but the parties dispute whether the Montoyas validly rejected uninsured motorist ("UM") coverage with Plaintiff Foremost Insurance Company. *Id.* ¶¶ 5-14. In this federal declaratory judgment action, Foremost requested the Court resolve whether there is coverage under the insurance policy for the Montoyas' claims. *Id.* ¶ 15.

The Court declined to rule on the declaratory judgment request due to the pendency of the parallel state-court action presenting the same coverage issue (Case No. D-1329-CV-2021-00006). The Court stayed the case "pending resolution of the Montoyas' insurance claim against

Foremost in the state-court case." Doc. 18 at 4 (March 22, 2021 Memorandum Opinion and Order). The Court also ordered: "Foremost shall file a notice with this Court when the insurance claim is resolved in the state-court case." *Id.*

The Court takes judicial notice that on April 7, 2022, the parties filed a notice of partial settlement in the state-court action, indicating that the claims between the Montoyas and Foremost had been resolved. Plaintiff did not comply with the Court's instructions to file a notice on this Court's docket.

Accordingly, on June 27, 2022, the Court issued an order that stated: "ORDER FOR STATUS REPORT by Magistrate Judge Steven C. Yarbrough. In light of the notice of partial settlement filed in the parallel state court case, the Court orders the parties to file a status report addressing whether this federal declaratory judgment action is moot and should be dismissed. Status report due July 11, 2022." Doc. 19 (text-only order). The parties did not file anything on the docket by July 11, and to date have filed nothing since the Court's March 22, 2021 Memorandum Opinion and Order.

"Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails 'to comply with [the Federal Rules of Civil Procedure] or any order of court.'" *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (alterations in original). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Id.* at 1204 n.3. "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus*

factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

The Court hereby gives Plaintiff notice that it will dismiss this case without prejudice, for lack of prosecution and failure to comply with Court orders, **thirty days** from the date of this Order, unless Plaintiff files the status report ordered in Doc. 19.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent